IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Case No. 1:20CR458 |
| JAMES EDWIN RICE and, SUSAN EILEEN RICE | : | |
| | : | |
| Defendants. | : | |

# **DEFENDANTS' TRIAL BRIEF**

COME NOW, Defendants James and Susan Rice, husband and wife, through the undersigned, Robert E. Barnes, and hereby file this trial brief.

The Constitution guarantees the right to only be tried on felony charges found by a grand jury and issued in an indictment; the right to counsel in preparation and presentation of one's case; the right to aid of the court's compulsory process; the right to cross-examine one's accusers; the right to testify on one's own behalf or remain silent; the right to call witnesses one one's behalf; the right to a trial of all facts by an indifferent and impartial jury. *See* Constitution; *see also, Chambers v. Mississippi*, 410 U.S. 284, 294 (1973).

I.      STATUS OF THE CASE

Pending Motions: There are no pending motions before the Court.

Trial Date: Trial is scheduled to commence September 14, 2021 at 9:00 a.m.

Length of Trial: The prosecution has estimated four days for its case-in-chief and the defense has estimated two days for its case-in-chief.

II.     STATEMENT OF THE CASE

A. Indictment

The prosecution alleges 10 charges: in the first count, a *Klein* conspiracy to defraud the government through obstruction of the lawful functions by dishonest and deceitful means of the IRS; in the second count, the indictment charges evasion of employment taxers for tax years June 2013 through December 2016; in the third and fourth counts the indictment alleges criminally willful failure to pay over trust fund taxes for the quarters ending in September 30, 2014 and December 31, 2014; counts five through seven allege criminally willful failure to file income taxes for calendar years 2014 through 2016; counts eight through ten allege criminally willful failure to file corporate tax returns for the year 2014 through 2016.

According to the indictment, the illicit purpose of the conspiracy was to deceive the IRS into improperly performing their tax functions concerning the taxes due and owing from their business, Sandhills Orthopaedic. The indictment alleges affirmative acts in furtherance of misleading the IRS into not performing their assessment or collection function are the same as the dishonest and deceitful means for the conspiracy alleged. The overt acts and dishonest means of the *Klein* conspiracy are identical to the criminally willful affirmative acts intended to mislead the IRS in the tax evasion charges, according to the indictment.

The key issue in dispute in this case is criminal intent. Unlike almost all criminal charges, ignorance of the law is an excuse in criminal tax cases. You cannot act with criminally willful intent unless you know you are violating the tax law and intend to do so. See: "Ignorance Is Bliss, Especially for the Tax Evader"; See also: *United States v. International Minerals & Chemical Corp*, 402 U.S. 558 (1971); Tax Crimes Handbook stating with citations that "[a] defendant's good faith belief that he is not violating the tax laws, no matter how objectively unreasonable that belief may be, is a defense in a tax prosecution. *Cheek v. United States*, 498 U.S. 192, 199-201 (1991). See also, *United States v. Grunewald*, 987 F.2d 531, 535-36 (8th Cir. 1993); *United States v. Pensyl*, 387 F.3d 456, 459 (6th Cir. 2004)."

B. Elements of the Offense

  *i.* ***Klein* Conspiracy: Tricking the IRS by Means of Deceit**

A conspiracy to defraud requires the government must prove the existence of an agreement to accomplish an illegal objective, an overt act in furtherance of the illegal objective, and the intent to defraud the United States. *See United States v. Bishop*, 291 F.3d 1100, 1106 (9th Cir. 2002); *see also United States v. Ladum*, 141 F.3d 1328, 1343 (9th Cir. 1998). The intent to defraud is critical. "There must, however, be an agreement to obstruct by deceit, craft or trickery, or at least by means that are dishonest." *United States v. Caldwell*, 989 F.2d 1056, 1058-1059 (9th Cir. 1993). This has been the law for more than eight decades. *See Hammerschmidt v. United States*, 265 U.S. 182, 184 (1924) (conspiracy to defraud requires an agreement to obstruct by deceit, craft, or trickery, or at least means that are dishonest). Good faith, regardless of the source of that belief is a complete defense to the intent to defraud charges. *See United States v. Faust*, 850 F.2d 575, 582 (9th Cir. 1988) ("good faith, in general, constitutes a complete defense to any crime which requires fraudulent intent").

3

> The Supreme Court has made it clear that "defraud" is limited only to wrongs done "by deceit, craft or trickery, or at least by means that are dishonest. **Obstructing government functions in other ways-for example, by violence, robbery or advocacy of illegal action-can't constitute "defrauding."** …. The federal government does lots of things, more and more every year, and many things private parties do can get in the government's way. It can't be that each such action is automatically a felony…. But we're unwilling to conclude Congress meant to make it a federal crime to do *anything,* even that which is otherwise permitted, with the goal of making the government's job more difficult.

*Caldwell,* 989 F.2d at 1059 (emphasis added).

Hence, not disclosing something that one has no independent legal duty to disclose cannot be a conspiracy to defraud even where it impedes the IRS. *See United States v. Murphy*, 809 F.2d 1427, 1431-1432 (9th Cir. 1987).

The First Amendment imposes further limits.

> To conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft, trickery, or at least by means that are dishonest . . . Its construction in the *Horman* case cannot be used as authority to include within the legal definition of a conspiracy to defraud the United States **a mere open defiance of the governmental purpose to enforce a law by urging persons subject to it to disobey it.**

*Hammerschmidt v. United States*, 265 U.S. 182, 188-189 (1924).

"Mere failure to disclose income would not be sufficient to show the crime charged of defrauding the United States under 18 U.S.C. §371." *United States v. Klein*, 247 F.2d 908, 916 (2nd Cir. 1957). Equally, the misuse of obstruction offenses interfering with governmental functions, be it grand jury inquiries, SEC inquiries, or IRS actions, have met with equal concern. *See United States v. Aguilar*, 515 U.S. 593 (1995); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); *United States v. Kassouf*, 144 F.3d 952 (6th Cir. 1998).

Similarly, the intent nexus is critical. The conspiracy is not a crime unless it has the "purpose and effect to defeat a lawful function of the government and injure others thereby."

4

*Hammerschmidt* at 187. The intended effect has been further defined in analogous obstruction contexts as something that has the "natural and probable effect of interfering" with the governmental function at issue, though it does not have to be successful in the endeavor. *United States v. Aguilar*, 515 U.S. 593, 601 (1995). A defendant who "lacks the knowledge that his actions are likely to affect" the governmental function at issue "lacks the requisite intent to obstruct." *Aguilar* at 599. As the Ninth Circuit concluded, "a person whose conspiratorial acts have the effect of defrauding the government escapes 371 liability unless he knew that his acts would have the effect of defrauding the government." *Licciardi* at 1136 (Fletcher, J. concurring). This means rea requirement and careful nexus is necessary to protect First Amendment free speech and Fifth Amendment due process rights. *See United States v. Dahlstrom*, 713 F.2d 1423 (9th Cir. 1983) (prosecution for advocacy of foreign entity use in the absence of a specific intent to violate the law is offensive to the First and Fifth Amendments of the United States Constitution); *see also United States v. Little*, 753 F.2d 1420, 1443 (9th Cir. 1984) ("the mens rea requirements eliminates any objection that the statute punishes the accused for an offense of which he or she was unaware") (noting *Whitman v. Fox*, 236 S.E.2d 565 (W.Va. 1977) (finding comparable state analog statute unconstitutional).

As the Ninth Circuit identified in *Caldwell*, not disclosing something one has no independent duty to disclose cannot be conspiracy to defraud even when it impedes the IRS. *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993); *see also United States v. Varbel*, 780 F.2d 758 (9th Cir. 1986). The failure to volunteer information is not sufficient. *See United States v. Tuohey*, 867 F.2d 534 (9th Cir. 1989). Conviction for conspiring to defraud must be "premised on activities separate from and distinct from those sufficient to support misdemeanor punishment." *United States v. Segal*, 852 F.2d 1152, 1157 (9th Cir. 1988) (internal citations and

quotations omitted). Hiding the source and amount of money is not sufficient if the hiding is not intended to impede collection or assessment of tax. *See United States v. Krasovich*, 819 F.2d 253, 255-256 (9th Cir. 1987). Someone who does "no more than talk" cannot be conspiracy to defraud or it would not "withstand First Amendment's protection of speech." *United States v. Russell*, 804 F.2d 571, 757 (9th Cir. 1986) (Ferguson, J., concurring).

### ii. Tax Evasion

The twin pillars of criminal tax jurisprudence are *Spies* and *Cheek*, book-marking a half-century of American criminal tax law. *See Spies v. United States*, 317 U.S. 492 (1943); *see also Cheek v. United States*, 498 U.S. 192 (1991) (following *United States v. Murdock*, 290 U.S. 389 (1933). Two recent Supreme Court cases further inform the understanding of all felony evasion/corruption/obstruction laws designed to protect governmental functions from external corruption, evasion or obstruction. *See United States v. Aguilar*, 515 U.S. 593 (1995); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005).

As the court explained in *Spies*, it was our traditional abhorrence of imprisonment for debt that required an affirmative fraud element to felony evasion prosecutions, *Spies*, 317 U.S. at 498, just as the Court in *Murdock* and *Cheek* carved out a special good faith misunderstanding of the law into the willfulness definition of criminal tax statutes in recognition of the important history of our dissent on the meaning of tax laws, *Murdock*, 290 U.S. at 395-96; *Cheek*, 498 U.S. at 203.

*Aguilar* and *Arthur Andersen* extended these principles to require an intended nexus between the affirmative act and the particular governmental function intended to be evaded. *Aguilar*, 515 U.S. at 600; *Arthur Andersen, LLP*, 544 U.S. at 707-08. A defendant's affirmative act must not only be able to evade the Secretary of the Treasury's assessment of tax, but the

6

defendant must intend the affirmative act to evade the Secretary of the Treasury's assessment of tax. This intended nexus is essential.

### iii. *Spies* & *Cheek*: Discouraging Debt or Dissent as a Felony Tax Crime.

Cognizant of the potential misuse of criminal prosecutions in the tax arena, Congress and the Court prohibit criminal penalties for either debt or honest dissent. As the Supreme Court articulated, "our traditional aversion to imprisonment for debt" required "some element of evil motive" to prove tax evasion. *Spies*, 317 U.S. at 498. Equally, criminal tax laws do not exist to punish "frank difference of opinion" about tax laws. *Cheek*, 498 U.S. at 205 (quoting *Spies*). A "misunderstanding as to his liability for the tax" does not make a man a criminal "by his mere failure to measure up to the prescribed standard of conduct." *United States v. Murdock*, 290 U.S. 389 (1933). Even an honestly absurd understanding of the tax laws requires acquittal. *See Cheek*, 498 U.S. at 203-04.

America's unique political history concerning the legality of taxes informs these constraints Congress and the Court imposed on criminalizing tax conduct. With a nation born out of religious, political and tax heresy, cradled here in the northeastern states, imprisonment for "frank difference of opinion" with the government about the meaning of the tax laws was disfavored by Congress and the Court. *Cheek*, 498 U.S. at 205 (quoting *Spies*). Similarly, a country founded by indentured servants and indebted colonists was not going to use imprisonment as a means of collecting a civil debt, even a debt to the state.

The refusal or willful omission to act, like the willful failure to file a return, is not an affirmative act of evasion. *See id*. An affirmative act is one with an evil or fraudulent intent. *See United States v. Bishop*, 414 U.S. 346, 352 (1973). The government must prove beyond a reasonable doubt the defendant was aware that his affirmative act had the natural and probable

7

effect of preventing the IRS from assessing and collecting a tax. *See United States v. Aguilar*, 515 U.S. 593 (1995); *see also Arthur Andersen, LLP v. United States*, 544 U.S. 696 (2005).

These twin requirements – affirmative acts of a motive to mislead and a knowing violation of the tax law – protects against imprisonment for debt or imprisonment for honest dissent. To give effect to this carefully constructed "structure of sanctions," conduct Congress labeled a misdemeanor could not be the basis to charge a felony instead. *See Spies* 317 U.S. at 495.

A comparable concern – of misapplication of criminal statutes that could be so broad they run afoul of vagueness grounds – informed the Court's limiting constructions on corruption/evasion/obstruction felony crime statutes. *See United States v. Aguilar*, 515 U.S. 593 (1995); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005).

Prior to *Aguilar* and *Arthur Andersen*, courts often assumed no nexus was required between the affirmative act and the governmental function evaded, obstructed or corrupted. *Aguilar* and *Arthur Andersen* rejected those assumptions.

In *Aguilar*, a federal district court judge lied to federal officers conducting a grand jury inquiry; in *Arthur Andersen*, an accounting firm shredded documents on the eve of an SEC inquiry. The government's theory was the same in both cases. The government alleged in *Aguilar*, they only needed to prove two things: first, that *Aguilar* committed an affirmative act (lying to federal officers); and secondly, this lie took place during a grand jury inquiry. *Aguilar*, 515 U.S. at 600. The government followed the same theory in *Arthur Andersen*. *Arthur Anderson*, 544 U.S. 707. The government alleged in *Arthur Andersen* the accounting firm shredded documents and doing so could obstruct an SEC inquiry. *Id*. at 708. In both cases, the defendant argued that a mere fraudulent act which obstructed a governmental function could not

8

constitute the crime without an intended nexus by the defendant that the affirmative act corrupt or evade or impede the governmental function at issue. *Arthur Anderson*, 544 U.S. at 707, n.10; *Aguilar*, 515 U.S. at 600.

The Supreme Court rejected the government's theory, agreed with the defendants and reversed both convictions in *Aguilar* and *Andersen*. Committing a fraudulent act with the intent to interfere with the government inquiry is not sufficient; the act itself must have an intended nexus to the governmental function at issue.

As a unanimous Supreme Court reiterated just recently in *Arthur Andersen*, reversing both the district court and appellate court below:

> The instructions also were infirm for another reason. They led the jury to believe that it did not have to find *any* nexus between the "persuasion]" to destroy documents and any particular proceeding . . . . We faced a similar situation in *Aguilar, supra.* Respondent Aguilar lied to a Federal Bureau of Investigation agent in the course of an investigation and was convicted of " 'corruptly endeavor[ing] to influence, obstruct, and impede [a] . . . grand jury investigation' " under §1503. All the Government had shown was that Aguilar had uttered false statements to an investigating agent "who might or might not testify before a grand jury." We held that §1503 required something more--specifically, a "nexus" between the obstructive act and the proceeding. If the defendant lacks knowledge that his actions are likely to affect the judicial proceeding," we explained, "he lacks the requisite intent to obstruct." For these reasons, the jury instructions here were flawed in important respects.

*Arthur Andersen*, 544 U.S. at 707 (internal citations omitted)

Both *Arthur Andersen* and *Aguilar* dealt with the same issues as *Murdock* and *Spies*: knowingly and corruptly influencing a governmental activity, with knowingly defined like willfully and corruptly influencing or corruptly endeavoring defined very much like evasion.

Evasion of assessment mirrors the structure of criminal obstruction statutes: protecting a governmental function from affirmative acts of fraud intended to corrupt the government's ability to perform *that* function. Section 7201, like the obstruction statute, is subject to potential

9

misuse of criminal prosecutions. The Supreme Court not only emphasized the requirement of consciousness of wrongdoing, but also the required consciousness of a nexus between the act and the governmental activity attempted to be interfered with. Hence, an affirmative act intended to evade the assessment and collection of tax must include that the person is conscious their affirmative acts could prevent the Secretary from performing that function.

## CONCLUSION

Defendants request nothing more, and nothing less, than a fair trial on the merits of the charges and the facts in actual dispute.

DATED: September 10, 2021

                                Respectfully submitted,

                                By:    /s/ Robert E. Barnes
                                        Robert E. Barnes
                                        Counsel for Defendants
                                        James and Susan Rice

                                        Barnes Law, LLP
                                        700 South Flower St., Ste. 100
                                        Los Angeles, CA 90017
                                        Tel: (310) 510-6211/ Fax: (310) 510-6225
                                        E-mail: robertbarnes@barneslawllp.com

# CERTIFICATE OF SERVICE

It is hereby certified the foregoing TRIAL BRIEF was made through the Court's electronic filing and notice system (CM/ECF), or, as appropriate by sending of copy of the same by electronic mail to the following addresses:

**ALEXANDER R. EFFENDI**
UNITED STATES DEPARTMENT OF JUSTICE
TAX DIVISION
601 D STREET NW, 7TH FLOOR
WASHINGTON, DC 20004
202-305-3780
Fax: 202-514-0961
Email: alexander.r.effendi@usdoj.gov

**MICHAEL L. JONES**
U.S. DEPARTMENT OF JUSTICE - TAX DIVISION
SOUTHERN CRIMINAL ENFORCEMENT SECTION
150 M STREET NE
MAIL STOP 1.1505
WASHINGTON, DC 20002
202-598-3727
Fax: 202-514-0961
Email: michael.l.jones@usdoj.gov

DATED this 10th day of September 2021.

/s/ Robert E. Barnes
Robert E. Barnes, Esq.